## WOLFEL v BOARD OF COUNTY COMMISSIONERS OF UNION COUNTY, OHIO

Ohio Appeals, 3rd Dist, · Union Co

No 178. Decided Mar 23, 1938

Donithen & Michel, Marion, Humes & McAllister, for Appellant.

Clifton L. Caryl, Marysville, William J. Porter, Marysville, for Appellee.

### OPINION

By THE COURT:

This is an appeal on questions of law from a judgment of the Common Pleas Court of Union county, entered on a verdict returned by a jury in a case pending in said court wherein the appellant, Emily Wolfel, an infant, by Raymond C. Wolfel her next friend was plaintiff and the appellee the Board of County Commissioners of Union county, Ohio, was defendant.

There are six assignments of error in the case, as follows:

1. That the court committed error in overruling objections of plaintiff to the introduction of certain evidence produced by the defendant.

2. The court erred in refusing to submit to the jury certain charges requested before argument by the plaintiff.

3. The court erred in submitting to the jury special charges requested before argument by the defendant.

4. The court erred in its general charge.

5. The verdict of the jury was not sus-

tained by the weight of the evidence and the law.

6. That the verdict of the jury is manifestly against the weight of the evidence.

The first assignment of error is based upon the admission in evidence on the part of the defendant, of the testimony of non-expert witnesses to the effect that "the road was in good condition", "the condition of the bridge was good", "the condition of the road was good", "it was a good road", and the condition of the road was "good", and the approach to the bridge was "safe."

It will be noted that all the evidence, the admission of which is claimed to be erroneous, reflected on the question of the negligence of the defendant Board of County Commissioners in maintaining the road in repair and did not in any way reflect on the negligence of the driver of the automobile in which the plaintiff was riding as a guest at the time of her injuries, or on the contributory negligence of plaintiff.

The second assignment of error is based on the refusal of the court to submit to the jury the following special request to charge before argument submitted by the plaintiff, to-wit:

"If you find from the evidence that the plaintiff, Emily Wolfel, was lawfully riding in the automobile driven by her brother, and that while so riding she was injured by a collision between the automobile in which she was then riding and a bridge abutment on a county road, under the custody, care and control of the defendant, and if you further find that said collision was the proximate cause of the plaintiff's injury and that the said collision was caused by the mutual and concurring negligence of the driver of said car and the defendant, the Board of County Commissioners, but without any fault or negligence on the part of the plaintiff, then you are instructed that the negligence of the driver of said car cannot be imputed or attributed to the plaintiff, and will not bar a recovery on the part of the plaintiff against the defendant, the Board of County Commissioners of Union county, Ohio."

The subject matter of this request to charge was completely covered in special request to charge Number 1, Number 3 and Number 4 submitted by the plaintiff and given by the court, so that the court did not err in refusing the special request mentioned, as the court is not required to re-peatedly charge on the same subject matter and the repetition of the charge on the same subject matter would tend to give undue prominence to such subject matter. Furthermore, that part of the special charge reading "that the said collision was caused by the mutual and concurring negligence of the driver of said car and the defendant" was an incorrect statement of the law in that the word "caused" was not preceded and modified by the word "proximately". The law not being correctly stated the court for this further reason did not err in refusing the instruction.

It will also be noted that the refused instruction to charge does not in any way relate to or reflect on the issue of the contributory negligence of the plaintiff.

The third assignment of error is based on the submission by the court to the jury of the following special charge before argument requested by the defendant:

"Ladies and Gentlemen of the jury:—I charge you as a matter of law that no person shall drive any motor vehicle in and upon any public road or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead."

It is contended by the plaintiff that this charge constitutes an abstract statement of law not applied to the facts of the case and not explained.

In the view we take of the case, as will be hereinafter mentioned, it is unnecessary to determine whether the giving of this charge was prejudicial to the plaintiff, it being sufficient to note that this instruction reflects only on the issue of the negligence of the driver of the car and does not reflect either on the issue of the negligence of the defendant or the issue of the contributory negligence of the plaintiff.

The fourth assignment of error is based, first, on the court charging on the issue of contributory negligence of the plaintiff; second, the court failing in its general charge to charge the subject matter of the request to charge on the part of the plaintiff which was refused, as above mentioned.

As a second defense to the petition of the plaintiff the defendant Board had charged contributory negligence on the part of the plaintiff arising from the fact that three persons, including the plaintiff, were riding in the driver's seat of the automobile at the time of the collision.

The court in its general charge in terms withdrew this defense from the consideration of the jury but later in the charge submitted the issue of contributory negligence on the part of the plaintiff to the jury.

Whether the issue of contributory negligence on the part of the plaintiff was pleaded or not it was the duty █ of the court to charge on this issue if an inference or presumption of contributory negligence on the part of the plaintiff arose from the evidence introduced by plaintiff in the case, or if on the whole the evidence tended to prove contributory negligence.

The uncontroverted evidence in the case is to the effect that three persons, including the plaintiff, were riding in the driver's seat of the automobile at and preceding the time plaintiff sustained her injuries. There is evidence tending to prove that preceding the injury the automobile in which plaintiff was riding was being driven at a speed of fifty miles an hour, on the left side and partially on the left berm of the road, with the view ahead partially obscured by dust, and engaged in passing another automobile, and that the plaintiff said nothing either by way of remonstrance or caution to the driver of the car in which she was riding.

Upon this evidence an issue of contributory negligence on the part of the plaintiff arose which required submission of such issue to the jury, and the court therefore did not err in submitting this issue although such issue on the submission of the case to the jury was not made by the pleadings.

As the subject matter of plaintiff's request to charge, which was refused as above mentioned, was included in other special requests to charge which were allowed by the court, it was unnecessary for the court to re-charge such subject matter in the general charge and consequently the court did not err in not. including such subject matter in the general charge.

The fifth and sixth assignments of error comprehend two claims of error. First, that the verdict of the jury is contrary to law in not being sustained by any evidence; and, second, that the verdict is against the weight of the evidence.

No interrogatories were submitted to the jury which would operate to test its verdict on any of the issues of negligence of the defendant, negligence of the driver of the automobile or the contributory negligence of the plaintiff, and consequently if there is any evidence tending to support the verdict on any of these issues the verdict is not contrary to law in not being supported by any evidence.

We have already held that the evidence in the case was sufficient to require the submission of the issue of contributory negligence on the part of the plaintiff to the jury and there being sufficient evidence in this respect the verdict is not contrary to law by reason of not being supported by any evidence. We further find that the verdict on this issue is supported by competent, credible and substantial evidence and is not against the weight of the evidence.

The errors complained of under the first, second and third assignments of error did not, as above mentioned, reflect in any way on the issue of contributory negligence on the part of the plaintiff proximately contributing to her injuries and this issue was submitted to the jury unattended by error. And this issue being submitted unattended by error the presumed finding on this issue in favor of the defendant requires affirmance of the judgment notwithstanding error may have intervened in the particulars specified in the first, second and third assignments of error. **Knisely v Community Traction Company, 125 Oh St 131.**

GUERNSEY, PJ, CROW and KLINGER, JJ, concur.